IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
      v.                      )      CRIMINAL ACTION NO.
                              )        2:07cr61-MHT
SOMOTOCHUKWE ENYIOM           )           (WO)
OGBONNA                       )

<u>OPINION AND ORDER</u>

This cause is before the court on defendant Somotochukwe Enyiom Ogbonna's motion to continue his trial. For the reasons set forth below, the motion will be granted.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public)   of   the   information   or
> indictment,   or   from   the   date   the
> defendant has appeared before a judicial
> officer   of   the   court   in   which   such
> charge is pending, whichever date last
> occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day

period any continuance based on "findings that the ends

of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy

trial."    §   3161(h)(7)(A).     In   granting   such   a

continuance,   the   court   shall   consider,   among   other

factors, whether the failure to grant the continuance

would   "result   in   a   miscarriage   of   justice,"

§ 3161(h)(7)(B)(i),   or   "would   deny   counsel   for   the

defendant   or   the   attorney   for   the   Government   the

reasonable   time   necessary   for   effective   preparation,

taking   into   account   the   exercise   of   due   diligence."

§ 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of

justice served by granting a continuance outweigh the

interest of the public and Ogbonna in receiving a speedy

trial.  The government has produced to Ogbonna several thousand documents in the discovery process for this case, and Ogbonna's counsel requires time to study these lengthy materials, investigate, and prepare for trial. Furthermore, one of Ogbonna's co-defendants, Nukak Effoing Asanansi, was previously granted a continuance until February 8, 2010, by the court.  The government does not oppose Ogbonna's request for a continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant Somotochukwe Enyiom Ogbonna's motion for a continuance (doc. no. 373) is granted.

(2) The jury selection and trial for defendant Ogbonna are reset for February 8, 2010, at 10:00 a.m. at the Frank M. Johnson Federal Building and United States Courthouse, Courtroom 2FMJ, 1 Church Street, Montgomery, Alabama.

DONE, this the 25th day of September, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE